## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PULLEN SEEDS AND SOIL, on behalf of itself, and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 06-599 (SLR) ) |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) |
| WADE FARMS, WHITTINGTON & SUMNER FARMS, CLIFFORD F. DANCE, D/B/A CLIFFORD DANCE FARMS, and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 06-600 (SLR) ) |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) |

### MOTION FOR ORDER SETTING SCHEDULING CONFERENCE

NOW COME the plaintiffs, by undersigned counsel, to move in accordance with

Fed.R.Civ.P. 16(b) for an order setting a scheduling conference in these matters, and in

support thereof further shows as follows:

1.    These antitrust actions were filed on September 26, 2006, and were served on

defendant the next day. Defendant appeared on October 18, 2006. (D.I. 5 in *Pullen;* D.I. 4

in *Wade Farms*.) Thus, it has been greater than 120 days since service of the complaints and

greater than 90 days since defendant appeared, which are the time intervals specified in Civil Rule 16(b) for an order calling for a scheduling conference.

2. In anticipation of an eventual scheduling conference, and to get started on the process toward initiating discovery, counsel for plaintiffs have attempted to meet with defendant's counsel to work on a discovery plan, as Civil Rule 26(f) contemplates. This has not occurred, however, because defendant's counsel refuse to meet until the Court issues an order setting a scheduling conference.

3. Civil Rule 26(f) does use the call for a scheduling conference as one of two triggers for a meet and confer between counsel. The rule calls for such a meet and confer "as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)."

4. By refusing to meet until a scheduling conference is set, defendant essentially has obtained for itself a *de facto* stay of discovery without making application and providing persuasive support therefor. That is because of the interplay between Civil Rules 16 and 26, – in particular, the requirement in Civil Rule 26(d) that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

5. Defendant did file motions to dismiss in these matters (D.I. 7 in *Pullen;* D.I. 5 in *Wade Farms*), and those motions are pending. However, it should serve to note that the motions are based on a "forum selection clause," and defendant did not choose to seek or file for a stay in conjunction with those motions to dismiss.

6.    Further of note, this past week plaintiffs' counsel have filed a related antitrust action on behalf of a farmers' association – *American Corn Growers Association v. Monsanto Company*, D.Del., C.A. No. 07-100 UNA – that seeks injunctive relief with respect to the same practices challenged in these actions. The plaintiff there is not signatory to the Technology User Agreement which contains the forum selection clause central to defendant's motions in *Pullen* and *Wade Farms*.

7.    Lastly, plaintiffs wish to underscore that they are not pushing for entry of a scheduling order on any expedited basis. Presumably much cooperative effort between opposing counsel would have to go into the development of such a plan, and defendants have not indicated that they will not cooperate at all. Rather, their stance is that cooperation in a meet and confer would have to be triggered by entry of an order setting the scheduling conference. Therefore, this motion seeks entry of an order to satisfy the defendant's insistence on the issuance of such an order as a triggering prerequisite.

WHEREFORE, plaintiffs pray for entry of an Order For Scheduling Conference[1].

Jeffrey S. Goddess (Del. Bar No. 630)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE  19899
(302) 656-4433
Attorneys for Plaintiffs

---

[1] Owing to the straightforward nature of this dispute, plaintiffs waive their right to file an opening brief on this motion, in accordance with D.Del. L.R. 7.1.2(a).

### *Additional Plaintiff's Counsel*

GARWIN GERSTEIN & FISHER, LLP
Bruce E. Gerstein
Noah H. Silverman
Joseph Opper
1501 Broadway, Suite 1416
New York, NY 10036
Tel:  (212) 398-0055
Fax: (212) 764-6620

ODOM & DES ROCHES, LLP
Stuart E. Des Roches
650 Poydras Street
Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078

BERGER & MONTAGUE, P.C.
Daniel Berger
Eric Cramer
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Lance A. Harke, Esq.
HARKE & CLASBY, LLP
155 S. Miami Ave., Suite 600
Miami, FL 33120
Tel: 305-536-8220
Fax: 305-536-8229

KOZYAK  TROPIN  &
THROCKMORTON, P.A.
Adam Moskowitz
T. Tucker Ronzetti
2800 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2335
Tel: (305) 372-1800

PERCY, SMITH & FOOTE, LLP
David P. Smith
W. Ross Foote
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741

Michael Miller
Law Office of Michael Miller
926 Chulie Drive
San Antonio, TX  78216
Tel: 210-225-6666
Fax: 210-225-2300

WHITTINGTON, BROCK &
SWAYZE, P.A.
H. Donald Brock
308 Fulton
Greenwood, MS 38930
Tel: 662-453-7325
Fax: 662-453-7394

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PULLEN SEEDS AND SOIL, on behalf of itself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-599 (SLR) |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) | |
| WADE FARMS, WHITTINGTON & SUMNER FARMS, CLIFFORD F. DANCE, D/B/A CLIFFORD DANCE FARMS, and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-600 (SLR) |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) | |

## STATEMENT BY MOVANT'S COUNSEL
### PER D.DEL. L.R. 7.1.1

Earlier this month, lead counsel attempted to reach agreement with opposing lead counsel on the subject of this motion, both in a telephone conversation and in a subsequent correspondence exchange, but agreement could not be reached.

Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
 Attorney for Plaintiffs