ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

March 23, 2007

**VIA ELECTRONIC FILING/HAND DELIVERY**

The Hon. Sue L. Robinson
United States District Court
Federal Building
844 King Street
Wilmington, DE 19801

      RE:  *Pullen Seeds and Soil v. Monsanto Company*,
            D.Del. C.A. No. 06-599 SLR
           *Wade Farms, et al., v. Monsanto Company*,
            D.Del. C.A. No. 06-600 SLR

Dear Chief Judge Robinson:

      As directed, in advance of the telephonic scheduling conference with Your Honor to be held on Monday at 9:00 a.m., counsel have worked together to develop a discovery plan, and submit it herewith.

      There is not total agreement on all dates and elements of the plan. The chief source of divergence is a disagreement as to whether discovery should be unitary (as plaintiffs propose) or bifurcated, with class certification discovery first (as defendant proposes). Rather than separate submissions, we have set out the competing contentions and dates within the one document, i.e., within the form for the Scheduling Order. In addition, to assist the Court in its consideration of this matter, the parties are also submitting a side-by-side chart, titled Comparison Of The Parties' Differing Schedule Proposals.

                                                     Respectfully yours,

                                                     Jeffrey S. Goddess (Del. Bar No. 630)

JSG/cmw
Enclosure
cc:    Richard Horwitz, Esquire (Via e-filing/e-mail)
        David E. Moore, Esquire (Via e-filing/e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PULLEN SEEDS AND SOIL, on behalf of itself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Monsanto Company,<br><br>Defendant. | C.A. No. 06-599 SLR |
| WADE FARMS, WHITTINGTON & SUMNER FARMS, CLIFFORD F. DANCE, D/B/A CLIFFORD DANCE FARMS, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Monsanto Company,<br><br>Defendant. | C.A. No. 06-600 SLR |

## JOINTLY - PROPOSED SCHEDULING ORDER

At Wilmington this _____ day of 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

## I. SCHEDULE

1. **Pre-Discovery Disclosures.** The parties will exchange by March 26, 2007 the information required by Fed. R. Civ. P. 26 (a) (1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    i. Relevant product and geographic market(s);

    ii. Whether Defendant has market power in any relevant market(s);

    iii. The alleged exclusionary or anticompetitive conduct;

    iv. Any business justifications for Defendant's alleged conduct;

    v. Any defenses offered by Defendant; and

    vi. Issues relating to the organization of the parties and document retention.

    vii. Whether there has been any antitrust injury to members of the alleged classes;

    viii. Whether any class-wide damages were suffered by members of the alleged classes, and if so, what amount;

    ix. Whether Defendant's alleged anticompetitive conduct, or the effect thereof, is continuing;

    x. Whether injunctive or equitable relief is appropriate

(b) All discovery shall be conducted as follows:

All fact discovery shall be completed on or before July 11, 2008, pursuant to the following process:

**Plaintiffs' Proposal:**

    i. Parties shall serve their First Set of Documents Requests and interrogatories regarding both merits and class issues by April 9, 2007. The parties will produce interrogatory responses and complete production of documents in response to the opposing parties' First Set of Document Requests and interrogatories on or before July 15, 2007.

    ii. The parties may start taking depositions as of July 15, 2007.

    iii. Plaintiffs will file their class certification motion on or before Monday, January 7, 2008.

**Defendant's Proposal:**

    i. Class discovery:

        a. The parties in all cases shall serve any document production requests or interrogatories going to class issues by April 9, 2007 and responses (including the production of any documents sought) shall be completed on or before June 29, 2007.

        b.     The parties may take fact depositions relating to class issues between June 29, 2007 and August 31, 2007.

    ii.     Merits discovery shall commence on December 10, 2007.

    iii.    Merits document discovery shall be completed on or before March 14, 2008.

    iv.    Supplementations under Rule 26(e) are due on May 23, 2008. Nothing in this paragraph, however, shall be deemed to relieve a party of its obligation to supplement or amend in accordance with Rule 26(e).

(c)    Maximum of 25 interrogatories by all parties on one side to the other side.

(d)    Maximum of 25 requests for admission by all parties on one side to the other side.

**Plaintiffs' Proposed Additional Language**: ". . . . not including requests for admission regarding the authenticity, foundational and/or admissibility requirements for a document."

**Defendant's Proposal:** Defendants will agree to 25 requests for admissions to authenticate documents that were not previously authenticated during discovery.

(e)    Depositions:

**Plaintiffs' Proposal:** Plaintiffs currently anticipate that they will need 200 hours for all fact depositions. However, in light of the multiple

4

issues involved in this case, and the expected discovery of multiple third parties, additional time may be needed.

**Defendant's Proposal:** Maximum of 100 hours for fact by all Plaintiffs and maximum of 100 hours for fact depositions by Defendant. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by the agreement of the parties.

(f)  Expert discovery shall be commenced in time to be completed by September 26, 2008.

    i.  Expert reports on issues for which any party has the burden of proof are due by August 1, 2008. Rebuttal expert reports are due by September 12, 2008.

**Plaintiffs' Proposal:** Plaintiffs believe that reply expert reports are necessary and appropriate to respond to arguments and issues raised in rebuttal expert reports. Plaintiffs propose that expert rebuttal reports be due by October 3, 2008, and that expert discovery be completed by October 10, 2008.

**Defendant's Proposal:** Defendant believes that reply expert reports are not necessary and seek to prevent a situation where the "reply" report becomes an additional affirmative report.

    ii.  All Daubert motions shall be filed on or before October 10, 2008. Briefing on any Daubert motions shall proceed under the schedule set forth in paragraph 5 of this order.

(g) **Discovery Disputes**.

    i. The court shall conduct in-person discovery status conferences on \_\_\_\_, \_\_\_\_ and \_\_\_\_\_, the time to be allocated equally among the parties.

    ii. The court shall make itself available, however, to resolve through a telephonic conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

    iii. Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(h) **Fact Witnesses to be Called at Trial**:

    i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give facts testimony) who has previously been disclosed during discovery and that it intends to call at trial.

    ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

    iii. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20)

      hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification**.

  a. All motions to join other parties or amend the pleadings shall be filed on or before January 18, 2008.

  b. Plaintiffs shall file their motions for class certification on or before

    **Plaintiffs' Proposal:** January 7, 2008

    **Defendant's Proposal:** October 5, 2007.

  c. Defendant shall then have sixty (60) days to conduct any expert discovery and file a class certification response.

  d. Plaintiffs shall have thirty (30) days after the response to conduct any expert discovery and file a class certification reply brief;

  e. Any class expert(s) shall be made available by a party for deposition within seven (7) business days of the filing of the motion or the response (whichever is applicable).

4. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before September 19, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel

shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine.** All motions in limine shall be filed on or before _____. All responses to said motions shall be filed on or before _____.

8. **Pretrial Conference.** A pretrial conference will be held on _____ in courtroom 6B, sixth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a three (3) week jury trial commencing on _____ in courtroom 6B, sixth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

II. **OTHER ISSUES**

1. **Electronically Stored Information.** The parties have initiated discussions regarding the scope of discovery of electronically stored information ("ESI"), including preservation, custodians, date ranges, systems, appropriate search terms, and format of production. The parties will be meeting in person to continue those discussions. The parties will continue to apprise the Court of the status of those discussions, including specific agreements reached on those topics.

2. **Confidentiality.** The parties have agreed to the form of an order regarding the confidentiality and use of documents in this case. The parties will submit the proposed order for approval separately.

3. **Privilege.**

    a. The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, as to the inadvertently produced document and any related material. The parties agree that ESI containing privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or, if there is notice of the inadvertent production, within thirty (30) days of such notice.

    b. If the receiving party contests the privilege or work product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated

based upon such inadvertently produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PULLEN SEEDS AND SOIL, on behalf of itself, and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Monsanto Company,<br><br>　　　　Defendant. | 06-599 SLR |
| WADE FARMS, WHITTINGTON & SUMNER FARMS, CLIFFORD F. DANCE, D/B/A CLIFFORD DANCE FARMS, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Monsanto Company,<br><br>　　　　Defendant. | 06-600 SLR |

**COMPARISON OF THE PARTIES' DIFFERING SCHEDULE PROPOSALS**

| PLAINTIFFS' PROPOSED SCHEDULE | DEFENDANT'S PROPOSED SCHEDULE |
|---|---|
| Parties shall serve their First Set of Documents Requests and interrogatories regarding both merits and class issues by **April 9, 2007.** | The parties shall serve any document production requests or interrogatories going to class issues by **April 9, 2007** |
| | |

| | |
|---|---|
| | The parties will produce interrogatory responses and production of documents in response to class discovery on or before **June 29, 2007**. |
| The parties will produce interrogatory responses and complete production of documents in response to the opposing parties' First Set of Document Requests and interrogatories (merits and class) on or before **July 15, 2007**. | The parties may start taking fact depositions regarding class issues as of **June 29, 2007**. |
| The parties may start taking depositions on any subject as of **July 15, 2007**. | |
| | Parties complete class depositions and discovery **August 31, 2007**. |
| | Plaintiffs file Class Cert motion on or before **October 5, 2007**. |
| | Defendant's Class Cert response 60 days later +/- **December 4, 2007**. |
| | Merits discovery commences **December 10, 2007**. |
| | Plaintiffs Class' reply 30 days later +/- **January 3, 2008**. |
| Plaintiffs will file their class certification motion on or before Monday, **January 7, 2008**. | |
| Join parties or amend pleadings by **January 18, 2008**. | Join parties or amend pleadings by **January 18, 2008**. |
| Defendant's Class Cert response 60 days later +/- **March 7, 2008**. | |
| | Merits document production completed |

| | |
|---|---|
| | **March 14, 2008.** |
| Plaintiffs' Class reply 30 days later +/- **April 7, 2008.** | |
| Supplementation under Rule 26(e) **May 23, 2008.** | Supplementation under Rule 26(e) **May 23, 2008.** |
| All fact discovery shall be completed on or before **July 11, 2008.** | All fact discovery shall be completed on or before **July 11, 2008.** |
| Expert reports on issues for which any party has the burden of proof are due by **August 1, 2008.** | Expert reports on issues for which any party has the burden of proof are due by **August 1, 2008.** |
| Rebuttal expert reports are due by **September 12, 2008.** | Rebuttal expert reports are due by **September 12, 2008.** |
| All summary judgment motions shall be served and filed with an opening brief on or before **September 19, 2008.** | All summary judgment motions shall be served and filed with an opening brief on or before **September 19, 2008.** |
| | Expert discovery completed by **September 26, 2008.** |
| Reply Expert reports due by **October 3, 2008** ~~Expert discovery completed by **October 10,**~~ **2008.** | |
| All Daubert motions shall be filed on or before **October 10, 2008.** | All Daubert motions shall be filed on or before **October 10, 2008.** |
| Within 1 month following close of expert discovery parties serve witness lists | Within 1 month following close of expert discovery parties serve witness lists |