IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PULLEN SEEDS AND SOIL,<br><br>    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civ. No. 06-599-SLR<br>)<br>)<br>)<br>) |
| WADE FARMS, WHITTINGTON &<br>SUMMER FARMS, and CLIFFORD<br>F. DANCE d/b/a Clifford Dance Farms,<br><br>    Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-600-SLR<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

At Wilmington this  17th  day of May 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

**I. Schedule**

    1. **Pre-Discovery Disclosures.** The parties have exchanged the information

required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

    2. **Discovery**.

        (a) Discovery will be needed on the following subjects:

           i. Relevant product and geographic market(s);

           ii. Whether defendant has market power in any relevant market(s);

           iii. The alleged exclusionary or anticompetitive conduct;

           iv. Any business justifications for defendant's alleged conduct;

           v. Any defenses offered by defendant; and

           vi. Issues relating to the organization of the parties and document retention.

           vii. Whether there has been any antitrust injury to members of the alleged classes;

           viii. Whether any class-wide damages were suffered by members of the alleged classes and, if so, what amount;

           ix. Whether defendant's alleged anticompetitive conduct, or the effect thereof, is continuing;

           x. Whether injunctive or equitable relief is appropriate

    (b) All discovery shall be conducted as follows: All fact discovery shall be completed on or before **June 18, 2008**.

    (c) The parties will complete production of documents on or before October 18, 2007.

    (d) Maximum of 25 interrogatories by all parties on one side to the other

side.

(e) Maximum of 25 requests for admission by all parties on one side to the other side.

(f) Depositions: In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    i. Class depositions shall be conducted from October 18, 2007 to December 18, 2007.

    ii. Non-class related depositions shall be conducted from April 18, 2008 to June 18, 2008.

(g) Expert discovery shall be commenced in time to be completed by **August 21, 2008.** Expert reports on issues for which any party has the burden of proof are due by July 2, 2008. Rebuttal expert reports are due by July 30, 2008.

(h) All Daubert motions shall be filed on or before **October 10, 2008.**

(i) **Discovery Disputes**.

    i. The court shall conduct an in-person discovery status conference on **Wednesday, June 13, 2007 at 4:30 p.m.,** the time to be allocated equally among the parties.

    ii. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the

course of a deposition and disputes related to entry of a protective order.

iii. Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(j) Fact Witnesses to be Called at Trial:

i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give facts testimony) who has previously been disclosed during discovery and that it intends to call at trial.

ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

iii. The parties have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**

course of a deposition and disputes related to entry of a protective order.

iii. Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(j) Fact Witnesses to be Called at Trial:

i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give facts testimony) who has previously been disclosed during discovery and that it intends to call at trial.

ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

iii. The parties have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**

(a) All motions to join other parties or amend the pleadings shall be filed on or before **January 18, 2008.**

(b) Plaintiffs shall file their motions for class certification on or before **January 18, 2008.**

(c) Defendant shall then have sixty (60) days to conduct any class-related expert discovery and file a class certification response.

(d) Plaintiffs shall have thirty (30) days after the response to conduct any class-related expert discovery and file a class certification reply brief;

(e) Any class expert(s) shall be made available by a party for deposition within seven (7) business days of the filing of the motion or the response (whichever is applicable).

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **September 19, 2008.** Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Pretrial Conference.** A pretrial conference will be held on **January 22, 2009**

**at 4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

8. **Trial.** This matter is scheduled for a three (3) week jury trial commencing on **February 9, 2009** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

II. **Other Issues**

1. **Electronically Stored Information.** The parties have initiated discussions regarding the scope of discovery of electronically stored information ("ESI"), including preservation, custodians, date ranges, systems, appropriate search terms, and format of production. The parties will be meeting in person to continue those discussions. The parties will continue to apprise the court of the status of those discussions, including specific agreements reached on those topics.

2. **Confidentiality.** The parties have agreed to the form of an order regarding the confidentiality and use of documents in this case. The parties will submit the proposed order for approval separately.

3. **Privilege.**

   (a) The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection

afforded to work product materials, or the subject matter thereof, as to the inadvertently produced document and any related material. The parties agree that ESI containing privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or, if there is notice of the inadvertent production, within thirty (30) days of such notice.

(b) If the receiving party contests the privilege or work product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek and order from the court compelling the production of material. If no such order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or

(b) the court rules that the information is not privileged.

_____
United States District Judge