IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PULLEN SEEDS AND SOIL, on behalf of itself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-599 (SLR) |
| WADE FARMS, WHITTINGTON & SUMNER FARMS, CLIFFORD F. , DANCE, D/B/A CLIFFORD DANCE FARMS, and all other similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-600 (SLR) |

**AFFIDAVIT OF JOHN H. HINDERAKER TO ACCOMPANY
PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
MONSANTO'S MOTION TO QUASH
PLAINTIFFS' THIRD-PARTY SUBPOENA TO FAEGRE & BENSON, LLP.**

Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com

*Attorney for Plaintiffs*

May 31, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PULLEN SEEDS AND SOIL, on behalf of themselves and all others similarly situated, | ) ) ) ) | 06-599 SLR |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MONSANTO COMPANY, | ) ) ) | |
| Defendant. | ) | |
| WADE FARMS, et al., | ) ) | |
| Plaintiffs, | ) ) ) | 06-600 SLR |
| v. | ) ) | |
| MONSANTO COMPANY, | ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF JOHN H. HINDERAKER

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

John H. Hinderaker, being first duly sworn, deposes and says that:

1. I am a partner in Faegre & Benson LLP. I am admitted to practice in the State of Minnesota and have practiced law at Faegre & Benson since 1974.

2. In 1999 or 2000, my firm was retained by E. I. Du Pont de Nemours and Company ("DuPont") to investigate and ultimately to pursue antitrust claims against Monsanto Company ("Monsanto"). I was the principal lawyer in charge of that litigation.

3. I commenced two lawsuits against Monsanto on behalf of DuPont, one venued in Delaware and one in South Carolina. Extensive discovery took place in both cases, including document production by the parties to the actions as well as by third parties. The parties

stipulated to confidentiality orders in both cases. Both cases were settled in the spring of 2002 as part of a global resolution of a number of lawsuits that were then pending between DuPont, Monsanto and their subsidiaries.

4. That settlement was documented in a Master Settlement Agreement dated on or about March 30, 2002. The Master Settlement Agreement provided that if DuPont or its attorneys received a subpoena for documents that had been produced by Monsanto, notice of the subpoena was to be sent to Monsanto's legal department by fax.

5. At around the time the global settlement was entered into, I received a telephone call from a lawyer at the Department of Justice ("DOJ"). She told me that DOJ was conducting an investigation to which the Monsanto-DuPont settlement was material. She said that she understood that my firm had a complete set of the documents that had been produced by the parties in the two antitrust cases. I confirmed that this was correct. She said that DOJ lawyers would want to review the documents in connection with their investigation, and that I should make sure that the documents were not destroyed. I told her that I would do so.

6. I put a "do not destroy" order on the documents, and they were sent to off-site storage along with the pleadings, correspondence and other materials from the two cases. To the best of my recollection, DOJ lawyers never did follow up by reviewing the documents. At some later point, DOJ apparently concluded its investigation, but I was not apprised of the fact. To date, DOJ has never revoked its instruction to preserve the documents in our files.

7. Much more recently, in approximately late 2005 or early 2006, a lawyer at DuPont asked me whether we still had any of the old files from the antitrust cases that were settled in 2002. I told him that I had no idea; I thought they may have been destroyed, but the last thing I distinctly remembered was putting a "do not destroy" order on the files at the direction of DOJ. My secretary checked the status of the files and found that the "do not destroy" order had never been revoked, so that we still had CDs containing documents produced by both DuPont and Monsanto.

8. By that time, I knew that one or more lawsuits were pending to which the documents could potentially be relevant. I thought it would be improper and possibly unethical for me to destroy them without a court order, especially because, as to at least some of the documents, they could be the only set in existence, and because DOJ had never rescinded its direction to me to preserve them.

9. Some months ago, Syngenta served a subpoena on my firm for documents that were produced in the Delaware and South Carolina cases. Upon receipt of that subpoena, I faxed a notice to Monsanto's legal department in the form required by the Master Settlement Agreement. I assumed that the purpose of this provision of the Agreement was to give Monsanto the opportunity to object to the subpoena. I believe that Monsanto did object and move to quash the subpoena, and the documents have not been produced in that action. Subsequent to the service of that subpoena, Monsanto did not make any request that my firm destroy the documents.

10. On or about April 9, 2007, plaintiffs in the above-captioned case served a subpoena on my firm calling for production of some of the documents from the cases that were settled in 2002. Upon receipt of that subpoena, I again notified Monsanto's legal department via fax. As in the prior instance, I have maintained the confidentiality of the documents and will not provide them to any party unless directed to do so by a court or by stipulation of the parties.

11. While I am only generally familiar with the issues in the above-captioned case, I believe that the document collection in question does contain documents that would be relevant to the issues in the case. I believe that there are also other pending lawsuits or investigations to which some of the documents would be relevant.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

John H. Hinderaker

Subscribed and sworn to before me
this 31st day of May, 2007.

Susan M. DeFoe
Notary Public, State of Minnesota
My Commission: 1-31-10

fb.us.2080075.01

3

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, do hereby certify that on May 31, 2007, I hand delivered and electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants, including:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP
>P. O. Box 951
>Wilmington, DE 19899-0951

I further certify that on May 31, 2007, I have electronically mailed the documents to the following:

| | |
|---|---|
| Peter E. Moll, Esquire | Kenneth A. Letzler, Esquire |
| John J. Rosenthal, Esquire | Jonathan I. Gleklen, Esquire |
| Scott Flick, Esquire | Robert N. Weiner, Esquire |
| Howrey LLP | Arnold & Porter LLP |
| 1299 Pennsylvania Avenue, N.W. | 555 12th Street, N.W. |
| Washington, DC 20004 | Washington, DC 20004 |
| mollp@howrey.com | kenneth.letzler@aporter.com |
| rosenthalj@howrey.com | jonathan.gleklen@aporter.com |
| flicks@howrey.com | robert.weiner@aporter.com |

>/s/ Jeffrey S. Goddess
>Jeffrey S. Goddess (Del. Bar No. 630)
>ROSENTHAL, MONHAIT & GODDESS, P.A.
>(302) 656-4433
>jgoddess@rmgglaw.com